US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
04/29/2021

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRING DIVISION

STEVEN C. HAYES #657050     PLAINTIFF
On behalf of himself and all others
Similarly Situated

v.     CASE No. 6:21-cv-06070 SOH-BAB

LESLIE RUTLEDGE,     DEFENDANT
ATTORNEY GENERAL OF ARKANSAS

**COMPLAINT - CLASS ACTION**
**MOTION FOR DECLARATORY AND INJUNCTIVE RELIEF**
**MOTION FOR CLASS CERTIFICATION**

For Declaratory and Injunctive Relief, also class certification, STEVEN C. HAYES (ADC# 657050), on behalf of himself and all those similarly situated, for their Complaint against Defendant Leslie Rutledge, in her official capacity as Attorney General of Arkansas, state as follows:

**PRELIMINARY STATEMENT**

1. This is an action for declaratory and injunctive relief brought under the United States Constitution and 42 U.S.C.A. § 1983, to challenge the constitutionality of Arkansas Senate Bill No. 544, codified at A.C.A. 12-29-119.

2. New Legislation, that being 2021 Arkansas Senate Bill 544, A.C.A. 12-29-119 authorizes the confiscation of Federal Relief and/or Federal Stimulus payments made to those in the custody of correctional facilities in the Great State of Arkansas.

3. Federal courts may in some circumstances grant injunctive relief against state officers or federal officers who are violating, or planning to violate, federal law. *Armstrong v. Exceptional Child Care Center, Inc.*, 135 S.Ct. 1378.

Page 1 of 7

4. Plaintiffs seek declaratory and injunctive relief from these planned deprivations.

## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C.A. § 1331 and 28 U.S.C.A. § 1343.

6. Plaintiffs' action for declaratory and injunctive relief is authorized by 28 U.S.C.A. §§ 2201 and 2202 and by Rules 57 and 65 of the Federal Rules of Civil Procedure.

7. Venue is proper pursuant to 28 U.S.C.A. § 1391 because a majority of the Plaintiffs are located in this district and the Defendant, who is sued in her official capacity, carries out her official duties at offices located in this district.

## PARTIES

8. Plaintiff Steven C. Hayes is a person in the custody of a correctional facility in Arkansas. Class members are Americans who are also in the custody of a correctional facility in Arkansas.

9. Defendant Leslie Rutledge, is the Attorney General of the state of Arkansas. As Attorney General, Leslie Rutledge has the authority to enforce any Arkansas Act. She is sued in her official capacity.

## CLASS ACTION ALLEGATIONS

10. There are more than 14,000 Americans in the custody of a correctional facility in the State of Arkansas that will share the same deprivation of this right or privilege afforded to us as Americans if and when A.C.A. § 12-29-119 is enforced. The claim by plaintiff Steven C. Hayes is typical for all potential class members. As the representative party, plaintiff Hayes is in the custody of a correctional facility in the State of Arkansas and

has the same interest in this action as all persons in the custody of a correctional facility in Arkansas. Plaintiff Hayes will devote as much of his time as needed to adequately protect the best interest of class members in this action. Class certification is requested due to the potential of inconsistent or varying adjudications with respect to individual members. Individual adjudication could create incompatible standards of conduct for the defendants to follow. Class action certification will be superior to other available methods for the fair and efficient adjudication of this controversy. It is requested that all persons in the custody of a correctional facility in Arkansas be certified as one class. We are all affected in the same manner by 2021 Arkansas Senate House Bill 544, A.C.A. § 12-29-119.

**FACTUAL ALLEGATIONS**

11. Amendment 891 of the American Rescue Plan Act of 2021, provides a $1400 stimulus check to <u>all</u> Americans, including specifically "inmates". Some members of the United States Senate, proposed an amendment to 891, that being Amendment 1162, which would have prevented inmates in America from receiving stimulus payments. Amendment 1162 failed on March 5th of 2021, by a deciding vote of the United States Congress. However, Arkansas Legislators have now adopted Arkansas Code Annotated §12-29-119, which ignores the decision of the United States Congress and the President of the United States to allow inmates in America to receive a $1400 stimulus payment from the Federal Government which was to be used to stimulate the economy and provide for their care. This Bill No. 544 allows the confiscation of approximately $48,000,000.00 from citizens in the custody of correctional facilities in Arkansas. The plaintiffs make note in response to those who proposed Amendment 1162, Arkansas inmates do stimulate the economy and we do pay taxes on everything we buy. Just this past week, the "Little Debbie" distributor, a

local man, was happy to deliver to Ouachita River Unit an order that was more than $5000.00 above any order he has ever brought before. Many inmates spend hundreds each month for hobby craft supplies. Not only does that stimulate the economy, we pay 10% sales tax on these supplies. We pay sales tax on all commissary items, items that also stimulate the economy. We pay a <u>very high percentage</u> of Federal and Local taxes and fees on our phone calls. It is non-sense to say money paid to inmates does not stimulate the economy. The United States Congress realizes this and made the decision to allow American inmates to receive these stimulus and emergency relief funds. After the declaration of an Emergency State due to the Covid 19 pandemic, the Arkansas Division of Correction increased the spending limit on "inmate packages", which are offered for purchase twice a year, from $100 to $150 and authorized the providing companies to offer the sale of hygiene items such as higher quality soap, toothpaste and deodorant that inmates have previously not had access to. These packages, with their elevated list price, stimulate the economy and require sales tax to be paid.

12. The United States Congress decided that all inmates in America should receive stimulus payments and/or refund/relief payments. It is non-sense to believe that money provided to inmates does not stimulate the economy. That is if we are allowed to use it for its intended purpose.

13. After searching diligently, as of April 19, 2021, Arkansas is the only state that the plaintiffs are aware of in the United States whose Legislators have passed such conflicting law. In contrast, the legislation of New York has passed new law, "2021 New York Senate Bill No. 6050" which amended the New York civil practice law and rules Section 5205 to read:

"(p) Exemption for federal or state stimulus checks. 1. No federal or state stimulus check that is the result of a declared national or state disaster emergency shall be subject to execution, garnishment, or attachment or any other legal process, except

such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and the debtor's dependents. 2. For the purposes of this subdivision, the term "stimulus check" shall mean any economic impact payment sent by the government to taxpayers."

14. Upon information and belief, the plaintiffs, being those in the custody of a correctional facility in the State of Arkansas, can now be deprived of a right or privilege which they are entitled to as Americans, and which the United States Congress decided "with specificity" that they should have. 28 U.S.C.A. § 1343 states that 1983 action can be used "**To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States**". The United States Congress decided that as Americans, inmates are entitled to receive economic impact payments. § 1343 goes on further to state "**To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.**" **Arkansas Code Annotated §12-29-119** conflicts with law created by the United States Congress and signed by President Joe Biden.

15. The Supreme Court of these United States has stated *very clearly* the reasoning behind the power of its Courts when faced with conflicting law or proposed legislation by its States. See: *Hines v. Davidowitz,* 61 S.Ct. 399, in which the Supreme Court of these United States stated: "**Our primary function is to determine whether, under the circumstances of this particular case, Pennsylvania's law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.**" If those in the custody of correctional facilities in the State of Arkansas have their stimulus checks confiscated or redirected, they can not be used to stimulate the economy as the United States Congress and President Joe Biden intended.

## IRREPARABLE INJURY

16. Plaintiff(s) are and will suffer from irreparable harm by the violation of their constitutional rights when A.C.A. §12-29-119 is used to confiscate federal stimulus/relief. There is no path for the plaintiffs to recover these funds.

17. Plaintiffs are aware that "The temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury, as required for the granting of a preliminary injunction." However, these funds will not be ultimately recovered without an injunction. As a United States District Court held in *Scholl v. Mnuchin,* 489 F.Supp.3d 1008 "The general rule that economic harm is not normally considered irreparable, so as to satisfy the irreparable harm requirement for grant of a preliminary injunction, does not apply where there is no adequate remedy to recover those damages."

18. Many of the potential plaintiffs in this action will now be without means to obtain the "better" and "safer" hygiene products made avaliable for purchase, due to the pandemic, when their stimulus check is confiscated or redirected. This will make the plaintiffs unable to stimulate the economy or to follow guidelines and recommendations of the Center for Disease Control that have been made to slow the spread of Covid 19. These funds must make their way to those incarcerated in order to stimulate the economy as intended. In *Scholl v. Mnuchin,* see the following: "evidence demonstrated that plaintiffs and those similarly situated were being deprived of basic necessities such as food and hygiene products, that plaintiffs were currently suffering harm, and that such harm was neither speculative nor remote. 5 U.S.C.A. § 706(2); 26 U.S.C. § 6428." This legislation, A.C.A. §12-29-119, puts many of those in the custody of correctional facilities in the State of Arkansas, back into poverty and neglect of adequate hygiene supplies during this ongoing pandemic.

## CLAIMS FOR RELIEF

19. The allegations of paragraphs 1 through 18 are incorporated as though fully set forth here.

20. This Act will violate Plaintiffs' right to not be deprived of a privilege or right, which has been provided to them as Americans, by vote of the United States Congress. This violation will occur without equal protection and due process of law, in violation of the Fourteenth Amendment to the U.S. Constitution.

WHEREFORE, Plaintiffs request that the court:

1. Grant class certification in this action, to all those in the custody of a correctional facility in the State of Arkansas and allow class certification to be maintained;

2. Declare A.C.A. §12-29-119 unconstitutional under the Fourteenth Amendment to the United States Constitution and the protection of equal rights;

3. Without bond, enjoin the Defendant, her employees, agents, and successors in office from enforcing §12-29-119;

4. Award Plaintiffs costs and attorney fees pursuant to 42 U.S.C.A. § 1988;

5. Require all correctional facilities in the State of Arkansas to place reasonable notice of class membership in common areas and include that the court will exclude any member who so request by a certain date; and

6. Grant Plaintiffs such other, further, and different relief as the court may deem just and proper.

I swear under penalty of perjury that the foregoing is true and correct, written by me on this 21st day of April, 2021.

*Steven C. Hayes*
Steven C. Hayes #657050
Ouachita River Unit
PO Box 1630
Malvern, AR 72104

NEOPOST
04/23/2021
US POSTAGE $001.40
FIRST-CLASS MAIL
ZIP 72104
041M11457988

Steven C. Hayes #657050
PO Box 1
Malvern, AR 72104

UNITED STATES DISTRICT COURT
30 S 6TH ST., ROOM 1038
FORT SMITH, AR 72901-2437

Legal Mail

Soft Saf Wabs 4-22-21        SSt NCNNS

4-22-22